# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1194V
UNPUBLISHED

| | |
|---|---|
| HUONG THI DO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 21, 2022<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Pneumococcal Conjugate Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On September 14, 2020, Huong Thi Do filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of a pneumococcal conjugate vaccine received on February 16, 2018. Petition at 1; Stipulation, filed July 21, 2022, at ¶¶ 2-4. Petitioner further alleges that she received the vaccine in the United States, she experienced the residual effects of her condition for more than six months, and there has been no prior award or settlement of a civil action for damages as a result of her alleged condition. Petition at ¶¶ 2, 13-14; Stipulation at ¶¶ 3-5. "Respondent denies that petitioner sustained a shoulder injury as defined in the Vaccine Injury Table; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that her current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on July 21, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $15,000.00 in the form of a check payable to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

HUONG THI DO,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 20-1194V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Huong Thi Do ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to petitioner's receipt of a pneumococcal vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On February 16, 2018, petitioner received a pneumococcal vaccine.

3. The vaccine was administered in the United States.

4. Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA") within the time-period set forth in the Table. She further alleges that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged condition.

6. Respondent denies that petitioner sustained a shoulder injury as defined in the

Vaccine Injury Table; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that her current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment: a lump sum of **$15,000.00** in the form of a check payable to petitioner. This lump sum represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the vaccine administered on February 16, 2018, as alleged in a Petition filed on September 14, 2020, in the United States Court of Federal Claims as petition No. 20-1194V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged shoulder injury, or any other injury or her current condition.

18. All rights and obligations of petitioner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Huong*
HUONG THI DO

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| */s/* <br> AMY A. SENERTH <br> Muller Brazil <br> 715 Twining Road <br> Suite 208 <br> Dresher, PA 19025 <br> (215) 885-1655 <br> amy@mullerbrazil.com | */s/* <br> HEATHER L. PEARLMAN <br> Deputy Director <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| George R. Grimes - Digitally signed by George R. Grimes -S14 <br> S14  Date: 2022.05.26 16:55:27 -04'00' <br> CDR GEORGE REED GRIMES, MD, MPH <br> Director, Division of Injury <br>  Compensation Programs <br> Health Systems Bureau <br> Health Resources and Services <br>  Administration <br> U.S. Department of Health <br>  and Human Services <br> 5600 Fishers Lane, 08N146B <br> Rockville, MD 20857 | Julia M Collison <br> by Heather L Pearlman <br> JULIA M. COLLISON <br> Trial Attorney <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 <br> (202) 305-0102 <br> julia.collison@usdoj.gov |

Dated: 07/21/2022